■ MICHAEL CUOMO et al., as Executors of FRANCES CUOMO, Deceased, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 35793.) — Appeal from a judgment of the Court of Claims awarding claimants $673,215 as damages for the appropriation of 31.116 acres of land for the Wantagh-Oyster Bay Expressway. It was stipulated that the highest and best use of the property at the time of the appropriation was for residential subdivision purposes. Comparable sales were used by the expert witnesses to establish their appraisals of claimants' property. Claimants' expert valued the property at $715,000 for an acreage value of $23,000, while the State reached a value of $583,500 based on a value of $18,750 per acre. The court valued the property at $657,850 which is approximately $21,150 per acre. The court also found that the value placed upon the land by the claimants' expert was based upon completed development for residential purposes which would necessitate the preparing and filing of subdivision maps and incurring other development expenses in connection with clearing, draining, grading, paving and selling the plots in order to utilize the full value of the land. The court found the expenses would amount in the aggregate to $176,400. The cost of development if subtracted from the $715,000 value of claimants' expert, or even from the highest per-acre value of the comparable sales, would result in a figure substantially below the value of $657,850 as found by the court. We agree with the appellant that the very real costs of subdividing must be subtracted from a value which is based on the value of the property for residential subdivision in order to obtain a fair and realistic market value (*Valley Stream Lawns* v. *State of New York*, 9 A D 2d 149). Although the figure arrived at by the court is within the range of the expert testimony, this does not make it proper. The court is bound by the evidence in the record (see *Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428). The value fixed by the court has no basis in the record and is inconsistent with its own findings. We find the value of the claimants' property before the taking, based on residential subdivision purposes, to be $715,000. We further find that the cost of the necessary improvements to make the property suitable for such use would be $176,400, leaving a net value of $538,600. The State, however, concedes that the lowest sustainable value would be $583,500, which we accept, together with existing improvements of $15,365, making a total award of $598,865. Judgment modified, on the law and the facts, so as to reduce the award to $598,865, with appropriate interest, and as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.